■ DORIS J. HOWDER, Appellant, v. WILLIAM HEFFERNAN, Respondent.— Appeal by complainant from an order of the Children's Court of Albany County, determining after a trial of the issues in a proceeding to establish paternity that defendant is not the father of the child born to complainant on February 11, 1955. The testimony of the parties constituted the only evidence in the case. Complainant testified that during the period commencing late in April, 1954, and ending late in June, 1954, she went out with defendant each weekend and usually saw him once in the middle of each week, that acts of intercourse occurred regularly commencing May 16, 1954, and during the probable period of conception, and that at no time after she first went out with defendant was she in the company of any other man. Defendant denied any act of intercourse but admitted that he took complainant out on some seven occasions during the time in question. On cross-examination, complainant was asked whether she told her mother and the defendant that she had had a date with a man named Charles. Complainant answered in the affirmative but then testified that during the period in question Charles was in California. Cross-examination continuing,

she denied having seen two other men named by counsel, said she did not know that her mother telephoned one of these men and threatened him and did not believe that her father telephoned and threatened the other. Defendant adduced no testimony whatsoever bearing on any of these questions, including that as to the conversation concerning Charles, in which defendant was supposed to have participated. At the close of defendant's evidence the following colloquy occurred: "Court: I think it very noteworthy that the mother talked with this defendant and failed to see fit to appear and take part in this proceeding. Mr. Taub: First Mrs. Howder is very seriously ill and anything she might say would be hearsay. Court: Don't you think the mother or father could make a complete denial?". Following complainant's rebuttal testimony, her attorney requested an adjournment until the mother should be able to testify. The court denied the request, assigning no reason therefor. We feel that an adjournment for a reasonable time should have been granted (Domestic Relations Law, § 124), particularly in view of the court's prior comments as to the mother's failure to testify and, further, because complainant's testimony as to absence of association with any man other than defendant was uncontradicted otherwise than by the not entirely clear reference to Charles, which therefore became more important than might ordinarily be the case. In addition, the court's remark as to the possibility of complainant's father making a "complete denial", when no fact susceptible of denial by him had been proven, necessarily creates some uncertainty as to whether the court's impression as then expressed was in part based on the mere questions asked by counsel as to threatening telephone calls by the father and mother and had any influence upon the decision later rendered. Neither the record nor the court's written decision serves to dispel that uncertainty. Order reversed on the law and facts and new trial directed. Foster, P. J., Bergan, Halpern, Zeller and Gibson, JJ., concur.